ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2003 MAY 15 PM 4: 48

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PIER 1 IMPORTS, (U.S.) INC.,

Plaintiff,

v.

U.S. REALTY ADVISORS, LLC,
and SAVANNAH ONE WAREHOUSE
PROPERTY, LLC

Defendants.

Civil Action No: CV403-091

**NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. § 1441**

To the Clerk of the United States District Court, Southern District of Georgia:

Please take notice that the Defendants hereby remove to this Court the State Court action described below, pursuant to 28 U.S.C. §1441.

1. On April 14, 2003, an action was commenced in the Superior Court of Chatham County, Georgia entitled Pier 1 Imports, (U.S.), Inc., v. U.S. Realty Advisors, LLC, and Savannah One Warehouse Property, LLC, Civil Action No: CV03-0664FR. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants are attached hereto as "Exhibit A".

2. There have been no other proceedings in this action except that U.S. Realty Advisors, LLC has initiated a civil action in the United States District Court of the Southern District of New York against Plaintiff, Pier 1 Imports, (U.S.) Inc.

3. The Defendants were served with the summons and complaint no earlier than April 15, 2003.

4. This notice of removal is filed within thirty (30) days of service of this action upon the Defendants and thus is timely under 28 U.S.C. § 1446(b).

5. The Plaintiff filed this action purportedly as a declaratory judgment action under the law of Georgia seeking a declaration as to its alleged defenses to possible claims for breach of contract by the Defendant U.S. Realty Advisors, LLC, on its own behalf and on behalf of Savannah One Warehouse Property, LLC, against Pier 1 Imports, (U.S.), Inc., Plaintiff herein.

6. There is complete diversity of citizenship between the parties to this suit:

a) The Plaintiff, Pier 1 Imports, (U.S.), Inc., is a foreign corporation organized pursuant to the laws of Delaware with its principal place of business at 300 Commerce Street, Suite 600, Fort Worth, Texas.

b) At the time of commencement of this action and at the time of service of the summons and complaint upon it and at all times referred to, the Defendant U.S. Realty Advisors, LLC, has been a limited liability organization under the laws of the State of New York with its principal place of business at 1370 of the Americas, New York, New York.

c) Savannah One Warehouse Property, LLC, was a limited liability company established as a Delaware Limited Liability Company and all of its members are citizens and residents of New York.

d) This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. The Plaintiff, upon information and belief, is a Delaware Corporation with its principal place of business in Fort Worth, Texas and pursuant to 28 U.S.C. § 1332(c) would be a non-resident of the State of Georgia. The Defendants are citizens of states other than Georgia and complete diversity of citizenship therefore exist.

7. The amount in controversy exceeds $75,000.00. In the declaratory action filed in the Superior Court of Chatham County, the Plaintiff seeks a declaration that it is not indebted to either of the Defendants in the amount of $100,000.00 pursuant to the terms of the contractual arrangement amongst the parties and further, by way of counter-claim, the Defendant U.S.

Realty Advisors, LLC, seeks judgment against the Plaintiff in the amount of $100,000.00 pursuant to breach of the contract involved.

8. This cause of action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. By virtue of the provisions of 28 U.S.C. § 1441(a), this entire matter is one which may be removed to this court.

10. Nothing in this Notice of Removal should be construed as a waiver by Defendants of defenses to the complaint.

11. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon the Plaintiff and promptly filed with the Clerk Superior Court of Superior Court of Chatham County, Georgia.

WHEREFORE, Defendants respectfully request that this case proceed in this Court as an action properly removed thereto.

Respectfully submitted, this 15 day of May, 2003.

Edward M. Hughes
Georgia Bar No: 375650
Dana F. Braun
Georgia Bar No: 078512
Attorneys for Defendants

CALLAWAY, BRAUN, RIDDLE
& HUGHES, P.C.
Post Office Box 9150
Savannah, Georgia 31412
912-238-2750

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

PIER 1 IMPORTS (U.S.), INC.

PLAINTIFF

CIVIL ACTION NUMBER CV03-0664FR

VS.

U.S. REALTY ADVISORS, LLC and SAVANNAH ONE WAREHOUSE PROPERTY, LLC.

DEFENDANT

Newly Formed: [Delaware LLC] – NY LLC
Qualified to do business

US Realty Advisors – all working part in New York. Offices FE. Street NY

SUMMONS

TO THE ABOVE NAMED DEFENDANT: SAVANNAH ONE WAREHOUSE PROPERTY, LLC
1370 Avenue of the Americas
New York, New York 10019

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

ROY E. PAUL, ESQ. Ga Bar #567675
Post Office Box 2139
Savannah, GA 31402-2139

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This 14th day of April, 2003.

SUSAN D. ROUSE
Clerk of Superior Court
CHATHAM COUNTY

By [signature]
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 99

EXHIBIT A

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

PIER 1 IMPORTS (U.S.), INC.

PLAINTIFF

VS.

U.S. REALTY ADVISORS, LLC and SAVANNAH ONE WAREHOUSE PROPERTY, LLC.

DEFENDANT

CIVIL ACTION NUMBER CV03-0664FR

SUMMONS

TO THE ABOVE NAMED DEFENDANT: SAVANNAH ONE WAREHOUSE PROPERTY, LLC
1370 Avenue of the Americas
New York, New York 10019

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

ROY E. PAUL, ESQ. Ga Bar #567675
Post Office Box 2139
Savannah, GA 31402-2139

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This 14th day of April, 2003.

SUSAN D. ROUSE
Clerk of Superior Court
CHATHAM COUNTY

By [signature]
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 99

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PIER 1 IMPORTS (U.S.), INC.<br><br>Plaintiff,<br><br>v.<br><br>U.S. REALTY ADVISORS, LLC and SAVANNAH ONE WAREHOUSE PROPERTY, LLC<br><br>Defendants. | ) | CIVIL ACTION FILE<br><br>NO. ____________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Pier 1 Imports (U.S.), Inc. ("Plaintiff") files this Complaint for Declaratory Judgment against Defendants U.S. Realty Advisors, LLC ("USRA") and Savannah One Warehouse Property, LLC ("SOWP") (collectively, "Defendants") and states as follows:

**INTRODUCTION**

1.

This is an action for declaratory judgment pursuant to O.C.G.A. §§ 9-4-1 through 9-4-10 to resolve uncertainty and insecurity with respect to an alleged contractual agreement between Plaintiff, on the one hand, and USRA and/or SOWP, on the other.

2.

Plaintiff seeks a declaratory judgment to establish, as a matter of law (1) USRA has no standing to assert a claim against Plaintiff under that certain Letter of Intent dated December 30, 2002 (the "LOI"); and (2) Plaintiff is not liable to either USRA or SOWP under the LOI

## PARTIES, JURISDICTION AND VENUE

3.

Plaintiff is a corporation organized under the laws of Georgia with its principal place of business at 300 Commerce Street, Suite 600, Fort Worth, Texas, 76102-4106.

4.

On information and belief, USRA is a limited liability company organized under the laws of Delaware. USRA can be served at its office located at 1370 Avenue of the Americas, New York, New York, 10019.

5.

On information and belief, SOWP is a limited liability company organized under the laws of Delaware. SOWP can be served at its office located at 1370 Avenue of the Americas, New York, New York, 10019.

6.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-91. USRA and SOWP have availed themselves of the laws of the State of Georgia by transacting business and entering business negotiations in Chatham County, Georgia with respect to the purchase of real property located in Chatham County, Georgia.

## BACKGROUND FACTS

7.

On or about December 30, 2002, Plaintiff entered into the LOI with Defendants in connection with the anticipated sale, by Plaintiff, of certain real property located at 1 Knowlton Way, Savannah Georgia. A true and correct copy of the LOI is attached hereto as Exhibit "A".

8.

The preamble of the LOI provides, in relevant part, that the LOI "sets forth the terms and conditions under which U.S. Realty Advisors, LLC, on behalf of one of its institutional clients ("Purchaser") is interested in purchasing the leasehold interest in the captioned property" from Plaintiff.

9.

On information and belief, SOWP is the Purchaser identified in the LOI.

10.

The LOI also provides, in part, that "If the transaction does not close for any reason, other than Purchaser's failure to close or the failure of a non-[Pier 1] related condition to be satisfied, then [Pier 1] will be responsible for all out-of-pocket expenses incurred by the Purchaser in connection with the transaction . . . in an amount not to exceed $100,000."

11.

The LOI provided for a closing date of February 15, 2003. Because of the failure of Defendants to close by that date, the closing date was extended to February 28, 2003. The parties understood that February 28, 2003 was a firm date for the closing, and that Plaintiff could not further extend the closing date. Nevertheless, after Plaintiff's representatives traveled to New York to conduct the closing, Defendants announced that they would not close the transaction because of their failure to secure financing.

12.

Subsequent to the failed closing of February 28, 2003, USRA made a series of written demands to Plaintiff for payment of $100,000.00 under the closing costs provision of the LOI,

despite Defendants' responsibility for the failure to close the transaction and their failure to secure financing in accordance with the LOI. True and correct copies of USRA's demand letters, together with a response on behalf of Plaintiff, are attached hereto as Exhibit "B".

13.

USRA's demands for payment of closing costs under the LOI direct Plaintiff to remit $100,000 not to SOWP, the Purchaser under the LOI, but rather to USRA. Setting aside SOWP's failure to secure financing, there is no basis under the LOI for USRA to recover, on its own behalf, closing costs thereunder from Plaintiff.

## COUNT I: DECLARATORY JUDGMENT

14.

Plaintiff incorporates by reference the preceding paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

15.

In its demands, USRA has asserted its purported entitlement to reimbursement of $100,000 in closing costs from Plaintiff pursuant to the LOI. Plaintiff denies that LOI has standing to assert any claim against LOI against Plaintiff, and further denies that it breached the LOI or is liable to Defendants thereunder.

16.

An actual, justiciable controversy exists among the parties to this action. Plaintiff is in a position of uncertainty about its purported liability to USRA and/or SOWP. A declaration from this Court is therefore necessary to guide Plaintiff with respect to its future conduct, including its rights and obligations vis a vis Defendants.

17.

Pursuant to O.C.G.A. §§ 9-4-1 and 9-4-2, Plaintiff seeks guidance from this Court and a declaration that (1) USRA has no standing to assert a claim against Plaintiff under the LOI; and (2) Plaintiff is not liable to either USRA or SOWP for closing costs under the LOI.

WHEREFORE, Plaintiff Pier 1 Imports (U.S.), Inc. respectfully requests that:

a) This Court declare that (1) USRA has no standing to assert a claim against Plaintiff under LOI; and (2) Plaintiff is not liable to either USRA or SOWP under the LOI;

b) That Defendants be required to pay all costs of this action including reasonable attorneys' fees; and

c) That Plaintiff have such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this 14th day of April, 2003.

BOUHAN, WILLIAMS & LEVY LLP

ROY E. PAUL
Georgia Bar No. 567675

P.O. Box 2139
Savannah, GA 31402-2139
(912) 236-2491

MICHAEL E. JOHNSON
Georgia Bar No. 295039
TROUTMAN SANDERS LLP

600 Peachtree Street, N.E.
Bank of America Plaza, Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 885-3990 (facsimile)

Attorneys for Plaintiff
Pier 1 Imports (U.S.), Inc.

# EXHIBIT "A"

U.S. REALTY ADVISORS, LLC

1370 Avenue of the Americas
New York, New York 10019
tel 212-581-4540
fax 212-581-4950

December 30, 2002

Mr. Joshua P. Lewis
Vice President
Banc of America Securities LLC
NC1-007-11-07
100 N. Tryon Street, 11th Floor
Charlotte, NC 28255

Re: Leasehold Interest
Pier 1 Imports (U.S.), Inc.
Regional Distribution Center
Savannah, GA

Dear Josh:

The following sets forth the terms and conditions under which U.S. Realty Advisors, LLC, on behalf of one of its institutional clients ("Purchaser"), is interested in purchasing the leasehold interest in the captioned property (the "Property") from Pier 1 Imports (U.S.), Inc. ("Tenant" or "Lessee") and sub-leasing it back to Tenant on a bondable net lease basis. This proposal is also based upon financing by an institutional first mortgage lender ("Lender"). Purchaser has identified a Lender who is interested in providing the financing upon the terms and conditions described herein.

| | |
|---|---|
| The Property | A leasehold estate, in the land subject to the terms and provisions of the ground lease, including the purchase option, and the to-be-completed improvements that will include a distribution center containing 784,375 rentable square feet. The Property is located at 1 Knowlton Way, Savannah, GA. The completion date is estimated to be February 15, 2003. |
| Purchase Price | $23,500,000, subject to adjustment based on confirmation of actual cost and closing costs related to the project. |
| Funding of Purchase Price | The Purchase Price will be funded and fixed rent will commence at closing, as described herein under "Basic Rent Payments." |
| Tenant or Lessee | Pier 1 Imports (U.S.), Inc. |

U.S. REALTY ADVISORS, LLC



**Primary Lease Term** 15 years from the date of closing.

**Pier 1 Lease** The lease from Purchaser to Tenant (the "Pier 1 Lease") shall be a bond-type, triple-net lease whereby the Tenant will have complete responsibility for the management and maintenance of the Property, including, but not limited to, all expenses, maintenance, taxes, assessments, insurance, customary casualty provisions, repairs and replacements, including roof and structural items, reasonable wear and tear excepted.

Schedules to the Pier 1 Lease will cover rejectable offers based on a stipulated loss schedule in connection with (i) total or substantial casualty, (ii) total or substantial condemnation. The obligation of Tenant to pay rent under the Pier 1 Lease will be absolute and unconditional.

**SEDA Lease** The land will be leased by Purchaser pursuant to a 10-year lease (the "SEDA Lease") from the Savannah Economic Development Authority ("SEDA"), to Pier 1 Imports (U.S.) Inc. which includes an option to purchase the Property at the end of the SEDA Lease. An assignment of all collateral documents associated with the SEDA lease to which the Purchaser is now a party to, shall be made at closing.

**Basic Rent Payments** Basic Rent Payments ("Basic Rent Payments") will be made in monthly installments in advance as indicated below:

**BASIC RENT PAYMENTS**

| Lease Year | Annual Basic Rental Payment (as % of Purchase Price) |
|---|---|
| 01-05 | 8.400% |
| 06-10 | 8.820% |
| 11-15 | 9.261% |

The Basic Rent Payments are based on satisfaction of the Financing condition below at an interest rate of 6.00% (on an actual/360-day basis). To the extent that the actual economic terms of the Financing are less favorable, the Annual Basic Rent Payments will be correspondingly increased in order to preserve Purchaser's rate of return. Assuming satisfaction of the Financing condition below, for each 25 bp increase in interest rates over 6.00% between now and closing, rents would increase by 18 bps (the percentage increases in years 6 and 11 would remain at 5%). Interest rate

U.S. REALTY ADVISORS, LLC



increases other than in multiples of 25 bps (including increases of less than 25 bps) would be linearly interpolated to increase rents on a formula of 18/25.

**Lessee Renewal Options**

Tenant will have four (4), five (5) year renewal options for the Property. At Closing, Tenant may elect that the annual Basic Rent Payment during each of the Renewal Options will be at either (i) 95% of the fair market rental value of the Property at the time of each renewal, or (ii) the annual Basic Rent Payable in the last year of the Primary Term or prior renewal period, as the case may be, increased by 5%.

**Financing**

The closing of the transaction will be simultaneous with Lender providing non-recourse first mortgage financing to Purchaser ("Financing") as follows:

1. Term: 10 years
2. Amount: Not less than 72% of the Purchase Price.
3. Amortization Schedule: Not less than 30 years
4. On terms and conditions otherwise acceptable to Purchaser.

Purchaser has identified a Lender who is interested in providing the Financing upon the terms and conditions herein contained.

**Closing Costs**

This proposal assumes that Tenant will pay all transfer taxes, mortgage recording fees, leasehold title & survey costs, capital gains taxes (if any), and its own attorney's fees. In addition the Tenant agrees to pay reasonable Lender's counsel fees, local counsel fees, trustees fees, construction monitoring and disbursement fees, environmental certification, engineering costs, appraisal fees, and all other costs and fees customarily paid by seller/tenant in a sale/leaseback transaction in the state of Georgia.

Purchaser will be responsible for the payment of Purchaser's legal counsel fees and the fee to U.S. Realty Advisors, LLC.

If the transaction does not close for any reason, other than Purchaser's failure to close or the failure of a non-tenant related condition to be satisfied, then Tenant will be responsible for all out-of-pocket expenses incurred by the Purchaser in connection with the transaction, including, but not limited to, legal fees and Purchaser's out-of-pocket expenses in an amount not to exceed $100,000.

**Exclusivity**

Upon the execution of this letter of intent by the parties, Tenant will withdraw the Property from the market to negotiate in good faith with

U.S. REALTY ADVISORS, LLC



Purchaser to reach agreement on a contract of purchase, sale and leasing for a period not to exceed 30 days. Notwithstanding this agreement, the Tenant will maintain the right to receive secondary or standby offers.

**Closing Date** Purchaser expects to begin immediately negotiating documentation, due diligence and other required elements of the transaction. The anticipated closing date is on or about February 15, 2003.

**Closing Conditions** The closing of this transaction is subject to:

1. Purchaser's approval and acceptance, in its sole discretion, of the Property to be acquired after receipt of a satisfactory appraisal;

2. Purchaser's review and approval, in its sole discretion, of title, survey, the Pier 1 Lease, the SEDA Lease and the associated SEDA bonds, environmental, engineering and site inspections, plans and specifications, local laws, and other customary items of due diligence and no adverse change with respect to the Property between the date of such approval and closing;

3. Confirmation to Purchaser's satisfaction that, despite its initial position as lessee under the SEDA Lease, Purchaser will become the owner of the Property at closing for federal income tax purposes;

4. Closing of the Financing;

5. An appraisal, in form and substance satisfactory to Purchaser and its tax counsel;

6. Mutual acceptance of transaction documents, perfection of liens and satisfaction of customary closing conditions in form and substance to both parties and their respective legal counsel; and

7. No diminution between now and closing of Tenant's parent's (Pier 1 Imports, Inc.'s) credit rating or the financial position of Tenant or Pier 1 Imports, Inc.

**No Solicitation** Tenant agrees not to utilize this Letter-of-Intent to solicit other offers or to modify, renegotiate or otherwise improve the terms and conditions of any other offer heretofore or hereafter received by Tenant. Notwithstanding the foregoing, there is no restriction (either express or implied) on any disclosure or dissemination of the structure or tax aspects of the transactions

B.S. REALTY ADVISORS, LLC



contemplated by this Letter-of-Intent or any documents executed pursuant hereto. Further, each party hereto acknowledges that it has no proprietary rights to any tax matter or tax idea or to any element of the transaction structure contemplated by this Letter-of-Intent.

**Brokerage/ Advisory** Purchaser and Tenant will represent and warrant that no broker is entitled to a real estate commission as a result of this transaction other than Banc of America Securities, LLC. Upon a closing of this transaction, Tenant will be responsible for fees payable to Banc of America Securities, LLC pursuant to a separate written agreement. Tenant will hold Purchaser harmless from any loss, liability, cost and expense, including reasonable attorney's fees, arising from any claim by Bank of America Securities or any other broker for fees provided that the claim is through Tenant dealings.

This letter of intent summarizes some of the business points relating to the transaction described above, it being understood that other material terms of the proposed transaction are not yet agreed upon and still must be agreed upon to the mutual satisfaction of the parties. Therefore, except for the Closing Costs and Brokerage/Advisory provisions, it is understood that (i) no liabilities or obligations are intended to be created by this Letter of Intent or the consent by the parties hereto; (ii) this letter of intent is not intended to constitute a legally binding agreement to consummate the transaction contemplated hereby or to enter into any other legally binding agreement; and (iii) no other binding obligation will be created unless and until a written agreement evidencing such obligation is duly executed and delivered.

This letter of intent may be executed and delivered via facsimile and in two or more counterparts, each of which shall constitute an original, but when taken together all such counterparts shall constitute but one agreement, and either party may execute this letter of intent by executing any one or more of such counterparts.

U. S. REALTY ADVISORS, LLC



This letter of intent shall be valid only if executed by both parties within five (5) business days from the date hereof.

Very truly yours.

U. S. REALTY ADVISORS, LLC

By: [signature]
John D. Hirschfeld
Executive Vice President

Accepted And Agreed To As Of The 30th Day of December, 2002

PIER 1 IMPORTS (U.S.), INC.

By: [signature]

Name: Charles H. Turner
Title: Executive Vice President and Chief Financial Officer

# EXHIBIT "B"

[illegible] Street, Suite [illegible]
Fort Worth, TX [illegible]

P.O. Box [illegible]
Fort Worth, TX [illegible]

[illegible]

**Pier 1 imports**

Via Fax and Federal Express
March 3, 2003

Mr. David M. Ledy
U.S. Realty Advisors, LLC
1370 Avenue of the Americas
29th Floor
New York, New York 10019

Re: Sale of Leasehold Interest by Pier 1 Imports (U.S.), Inc. ("Pier 1")

Dear David:

This letter is written to inform you that our discussions with U.S. Realty Advisors, LLC ("U.S. Realty") are terminated. On Friday, February 28, 2003, you on behalf of U.S. Realty advised me that U.S. Realty was unable to close the purchase of the interest of Pier 1 in its regional distribution center in Savannah, Georgia. As you are aware, Pier 1 required this transaction to close on or before February 28, 2003. Based on U.S. Realty's failure to close by February 28, 2003, Pier 1 has ceased proceeding with this transaction with U.S. Realty, and will pursue other alternatives.

Last Friday, documents executed by Pier 1, Pier 1 Imports, Inc., The Bank of New York, as Trustee, and Savannah Economic Development Authority were left in escrow with your law firm, Proskauer Rose, LLP, and the law firm of Schulte, Roth & Zabel, LLP. These documents should be returned immediately to our counsel, Maureen Callahan at Troutman Sanders LLP.

Yours very truly,
Pier 1 Imports (U.S.), Inc.

By: J. Gregory Coffey
Vice President & Treasurer

JGC/cp

U.S. REALTY ADVISORS, LLC

[illegible] Avenue of the Americas
[illegible] Floor
New York NY [illegible]
phone [illegible]
fax [illegible]

March 4, 2003

Mr. J. Gregory Coffey
Vice President & Treasurer
Pier 1-Imports (U.S.), Inc.
501 Commerce Street, Suite 600
Fort Worth, TX 7

Re: Sale of Leasehold Interest by Pier 1 Imports (U.S.), Inc. ("Pier 1")

Dear Greg:

We are in receipt of your letter of March 3, 2003 electing to terminate our discussions because the proposed transaction did not close on February 28, 2003.

On behalf of all of us at U. S. Realty, allow me to express our disappointment in not having the deal close as scheduled. Although everyone on the Pier 1 team has performed in an exemplary manner, this transaction has posed more than its fair share of obstacles, the most serious of which was our loss of Nomura as the first mortgage lender a mere 10 days before our scheduled closing. Despite that loss, however, we utilized our best efforts and drew upon longstanding relationships to insert Bear Stearns Commercial Mortgage, Inc. ("Bear Stearns") into the lender position as seamlessly as possible to Pier 1. In fact, on Thursday, February 27, 2003, I left Proskauer's offices with all of our documents signed, our equity deposited in escrow and in the belief that the lawyers were merely putting the papers together so that we could close on Friday morning. As we all now know, at approximately 10:30 p.m. on Thursday night, Bear Stearns, by reason of its post 9/11 lending policies, determined that one of our passive investor clients (who was a United States Ambassador to Singapore during the Clinton administration) could not be in our equity structure until they had completed additional diligence. We struggled the remainder of Thursday night and Friday to solve this problem but were incapable of doing so by the end of that day.

Despite the fact that the closing did not occur on Friday, we and our investor/clients have been diligently working to solve Bear Stearns' requirements and are confident that we can do so quickly. While we understand your disappointment in not closing as scheduled, please keep in mind that real estate transactions occasionally fail to close on the targeted date notwithstanding the best good faith efforts of all of the parties. We believe that the loan underwriting problems will be resolved satisfactorily and that U. S.

U.S. REALTY ADVISORS, LLC

Realty is the best choice to effectuate a successful closing in the shortest period of time. While we will, of course, respect whatever decision you ultimately make, we respectfully request that you reconsider the decision to terminate.

Thank you for all of your efforts and attention to date.

Sincerely,

David M. Levy
Partner

cc: Joshua P. Lewis, Banc of America

D03

U. S. REALTY ADVISORS, LLC

1370 Avenue of the Americas
New York, New York 10019
212.581.4540
dindy@usrealtyadvisors.com

March 11, 2003

Mr. J. Gregory Coffey
Vice President & Treasurer
Pier 1 Imports (U.S.), Inc.
501 Commerce Street, Suite 600
Fort Worth, TX 7

Re: Sale of Leasehold Interest by Pier 1 Imports (U.S.), Inc. ("Pier 1")

Dear Mr. Coffey:

Reference is made to the letter of intent (the "LOI"), dated as of December 30, 2002 between Pier 1 Imports (U.S.), Inc., as seller/lessee, and U. S. Realty Advisors, LLC, as purchaser/lessor ("USRA"). All capitalized terms used but not defined herein refer to terms defined in the LOI.

Please be advised that the transaction contemplated by the LOI failed to close by reason of Pier 1's unilateral election to terminate the transaction as evidenced by your letter of March 3, 2003. Pursuant to the section of the LOI entitled "Closing Costs", Pier 1 is "responsible for all out-of-pocket expenses incurred by the Purchaser in connection with the transaction, including, but not limited to, legal fees and Purchaser's out-of-pocket expenses in an amount not to exceed $100,000."

Enclosed herewith please find:

1. A copy of the invoice received from Proskauer Rose, USRA's counsel, in the sum of $262,730.61.
2. A copy of an invoice in the sum of $84,176.11 from Schulte Roth & Zabel, LLP, as lender's counsel.

Based on the foregoing, please wire the sum of $100,000 to:

| | |
|---|---|
| Bank: | JP Morgan Chase Bank |
| ABA #: | 021-000-021 |
| Account #: | 967-740088 |
| Account Name: | U.S. Realty Advisors, LLC |
| Contact Person: | Carol Brown-Minott 212 789-4669 |
| Reference: | Pier 1 |

Federal EIN is 13-7103730

In addition to the foregoing, enclosed herewith please find copies of invoices from Marshall & Stevens in the sum of $20,481.73 and Epic Consulting in the sum of $4,200. These charges were the direct obligations of Pier 1 and payment should accordingly be made directly to the applicable vendor.

Very truly yours,

David M. Levy
Partner

cc: Joshua Lewis, Banc of America

Us Realty

U. S. REALTY ADVISORS, LLC

1370 Avenue of the Americas
New York, New York 10019
212.[illegible]
dlevy@usrealtyadvisors.com

March 25, 2003

Maureen Theresa Callahan, Esq.
Troutman Sanders, LLP
Bank of America Plaza
600 Peachtree Street N.E. - Suite 5200
Atlanta, GA 30308-2216

Re: Sale of Leasehold Interest by Pier 1 Imports (U.S.), Inc. ("Pier 1")

Dear Ms. Callahan:

Reference is made to my letter to you of March 25, 2003.

Please be advised that we have not heard from you or Pier 1 in response to our letter. In the event that Pier 1 does not remit to us the sum of $100,000 in accordance with the Letter of Intent on or before April 15, 2003, U. S. Realty Advisors, LLC shall take such steps as are necessary to protect its interests.

Very truly yours,

David M. Levy
Partner

cc: Mr. J. Gregory Coffey (via facsimile)
Ms. Nancy Benson (via facsimile)
Kenneth Hilton, Esq. (via facsimile)
Wendy Schriber, Esq. (via facsimile)

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

PIER 1 IMPORTS (U.S.), INC.

PLAINTIFF

CIVIL ACTION NUMBER CV03-0664FR

VS.

U.S. REALTY ADVISORS, LLC and SAVANNAH ONE WAREHOUSE PROPERTY, LLC.

DEFENDANT

SUMMONS

TO THE ABOVE NAMED DEFENDANT: SAVANNAH ONE WAREHOUSE PROPERTY, LLC
1370 Avenue of the Americas
New York, New York 10019

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

ROY E. PAUL, ESQ. Ga Bar #567675
Post Office Box 2139
Savannah, GA 31402-2139

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This 14th day of April, 2003.

SUSAN D. ROUSE
Clerk of Superior Court
CHATHAM COUNTY

By [signature]
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 99

IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA

PIER 1 IMPORTS (U.S.), INC.

PLAINTIFF

CIVIL ACTION NUMBER CV03-0664FR

VS.

U.S. REALTY ADVISORS, LLC and SAVANNAH ONE WAREHOUSE PROPERTY, LLC.

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: SAVANNAH ONE WAREHOUSE PROPERTY, LLC
1370 Avenue of the Americas
New York, New York 10019

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

ROY E. PAUL, ESQ. Ga Bar #567675
Post Office Box 2139
Savannah, GA 31402-2139

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This 14th day of April, 2003.

SUSAN D. ROUSE
Clerk of Superior Court
CHATHAM COUNTY

By [signature]
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
EC-1 Rev 99

STATE OF GEORGIA )
)
COUNTY OF CHATHAM )

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served all counsel of record with a copy of the foregoing by depositing the same in the United States Mail with proper postage affixed thereon, addressed to:

Roy E. Paul, Post Office Box 2139, Savannah, Georgia 31402-2139

Michael E. Johnson, 600 Peachtree Street, N.E., Bank of America Plaza, Suite 5200, Atlanta, Georgia 30308-2216.

This 15 day of May, 2003.

EDWARD M. HUGHES
Attorney for Defendant(s)
State Bar No. 375650

Post Office Box 9150
Savannah, Georgia 31412
912.238.2750